## UNITED STATES v. MOTT.

District Court, N. D. Oklahoma. May 4, 1929.

No. 343.

John M. Goldesberry, U. S. Atty., of Tulsa, Okl., and Chas. B. Selby, Sp. Asst. Atty. Gen., for the United States.

C. B. Rogers, of Tulsa, Okl., for defendant.

POLLOCK, District Judge. By this suit the government, as guardian of a full-blood Creek incompetent Indian, one Jackson Barnett, seeks the recovery of $15,000 of government bonds heretofore held by the honorable Secretary of the Interior in trust for said Barnett under the provisions of sections 1 and 2 of the Act of Congress May 27, 1908 (35 Stat. 312), said bonds having been

by the Secretary purchased for the account of said incompetent Indian Barnett, out of accumulated royalties coming into his hands from oil and gas leases made by the Indian on his restricted allotment in the Creek Nation, said oil and gas leases having been made with the consent and approval of the Commissioner of Indian Affairs and the Secretary of the Interior representing the government.

The fact is, out of a very large amount of cash and bonds in the hands of the honorable Secretary of the Interior derived from royalties in oil and gas found and produced on the restricted lands of the Indian Jackson Barnett, being thereto so requested, and after being fully advised, the honorable Secretary turned over to the use and possession of the wife of said Indian, Jackson Barnett, one Anna Laura Barnett, a large amount of bonds theretofore held in trust in his possession for the use and benefit of said Jackson Barnett, and at the same time caused to be pledged in the Equitable Trust Company of New York the further sum of $500,000, face value, of bonds to be by that institution held in trust and a portion of the proceeds paid to said Jackson Barnett. Of the bonds of Jackson Barnett so held in trust by the honorable Secretary of the Interior and so distributed to Anna Laura Barnett, she paid over and delivered to one Harold C. McGugin, her attorney, the sum or amount face value of $150,000. Thereafter he, the said McGugin, paid over and delivered to defendant herein the sum or amount, face value, of $15,000 of said bonds. This sum or amount of said bonds, or their value, the government seeks to recover from defendant by decree in this present suit.

In a suit in the Kansas District, a bill was filed by the government to recover against said McGugin the bonds so distributed to the wife of Barnett and turned over to said McGugin. This bill on motion of defendant was dismissed. The original bill of complaint in this suit, in form and averments like that in the McGugin case, was on motion of defendant dismissed. Thereupon the government was granted leave to file an amended bill of complaint, to which amended bill of complaint, when filed, defendant again filed a motion to dismiss. The government, virtually confessing said motion to dismiss the amended bill of complaint, again came into court, and requested leave of court to file a second amended bill of complaint. On this application for leave to file the second amended bill of complaint and on objections to the granting of such leave, the parties have been heard in oral argument and on printed and written briefs, and the matter comes now on for decision.

The government in this second amended bill of complaint bottoms its right to a recovery, as I understand the case, on the fact that Jackson Barnett was so ignorant and incompetent of mind he could not and did not understand or know what he was requesting in his application to the honorable Secretary of the Interior for the distribution of his accumulated royalties in the form of bonds held in trust by the Secretary. Now there is no charge in this suit of fraud or corruption made against the Secretary or any one connected with the transaction in any manner representing the government in the distribution of the accumulated royalties in the hands of the honorable Secretary of the Interior. The case must therefore rest upon the power conferred upon the honorable Secretary of the Interior to handle and distribute the funds held in trust in his possession arising out of the royalties paid on the extraction of oil and gas from the restricted lands of the incompetent Indian Jackson Barnett.

The reason behind the care and solicitude of the government for its Indian wards arises from the fact Indians, from their lack of business training, have always been a prey for shrewd, calculating, unscrupulous white men. Therefore the government felt compelled to intrust the property of incompetent Indians like Barnett to agencies of the government created by Congress for that purpose. By sections 1 and 2 of the Act of Congress 1908 a plan was adopted of protection of the property rights of incompetent Indians occupying the status of Jackson Barnett. This plan was the creation of a trust in the hands of, and under the judgment, control, and discretion of, the honorable Secretary of the Interior as to custody and ultimate distribution of the same. In the opinion of the Attorney General of October 20, 1926, concerning the property of Jackson Barnett, the Attorney General said:

"Congress saw fit to accomplish its purpose of protection of the Indian by creating a trust, by Sections 1 and 2 of the Act of 1908, and vested the administration of it in the Secretary of the Interior, without specific limitation of the manner in which he might administer. Hence, the power so conferred is broader than any power which might have been specifically conferred."

In the exercise of this power, the honorable Secretary of the Interior on October 7,

1922, promulgated an amended regulation applicable to this case, as follows:

"And provided further, that in such individual cases or classes of cases as the Secretary of the Interior may direct, the Superintendent for the Five Civilized Tribes shall cause such payments as may be authorized to be made out of the royalties and other individual Indian funds of the restricted Indians, minors and incompetents, to be paid direct to the Indians entitled thereto, or to be otherwise paid out for their benefit and use, as the Secretary of the Interior may authorize in said cases."

That the Secretary of the Interior, holding the property derived from accumulated royalties in his hands in trust for the incompetent full-blood Creek Indian Jackson Barnett, had full power and authority to make the distribution he did in this case, and to bind the government thereto, is settled by adjudications binding here. See Parker v. Richard, 250 U. S. 236, 39 S. Ct. 442, 63 L. Ed. 954; U. S. v. Hinkle (C. C. A.) 261 F. 518, and many other cases.

It follows, as there is no question of fraud charged or raised in this case against the act of the honorable Secretary of the Interior, the Commissioner of Indian Affairs, or other person representing him in the handling of the funds of Jackson Barnett, that action must be approved as done under full power and authority conferred upon the Secretary of the Interior by the Congress. And the motion to file the second amended bill of complaint must be denied.

It is so ordered.